UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SAMUEL J. BUCALO,

        Plaintiff,

v.

OHIO CIVIL RIGHTS COMMISSION, et al.,

        Defendants.

Case No: 1:22-cv-642

McFarland, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

Plaintiff Samuel J. Bucalo, proceeding *pro se*, electronically filed a "Petition for Judicial Review" in the Hamilton County Court of Common Pleas on October 8, 2022 against four Defendants: the Ohio Civil Right[s] Commission ("OCRC"), the United States Equal Employment Opportunity Commission ("EEOC"), the International Brotherhood of Teamsters ("Teamsters"), and the Teamsters Local 100 ("Local 100"). *See* Hamilton County Court of Common Pleas Case No. A2203658. On October 27, 2022 in state court, Defendant OCRC first responded by filing a motion to dismiss Plaintiff's lawsuit as untimely under state law. *Id.* Before any other Defendant answered or responded, Defendant EEOC removed the case to this federal court pursuant to 28 U.S.C. §1442(a)(1).

Following removal, Defendants Teamsters and Local 100 filed an additional motion to dismiss. Both Plaintiff and Defendants also filed other motions that have been referred to the undersigned magistrate judge for preliminary consideration. (Doc. 39). Having reviewed all pending motions, the undersigned now recommends that the two motions to dismiss be granted. For the reasons stated below, the undersigned further recommends

that all other motions be denied.

## I. Factual and Procedural Background

### A. The State Court Complaint

Plaintiff's complaint is entitled "Petition for Judicial Review." Although not as artfully drafted as that by an attorney, the petition clearly seeks to challenge the OCRC's decisions to close and dismiss two administrative complaints that Plaintiff filed with that agency on July 12, 2022. (Doc. 3 at 11, PageID 47). Plaintiff seeks judicial review under Ohio R.C. § 4112.06 and alleges that the OCRC "failed to conduct any type of investigation" prior to erroneously dismissing his complaints as duplicative of prior proceedings. (*Id*. at 12, PageID 47).

Plaintiff attached copies of the referenced OCRC Letters of Determination to his state court complaint.[1] The same documents appear in the record of this Court as exhibits to the Teamsters' pending motion to dismiss. Both Letters of Determination state on their face that they were sent to Plaintiff by mail on September 1, 2022. (*See* Docs. 6-1 and 6-2, stating "***Mailed on Date: September 1, 2022."). The Letters also bear the following Notice:

> **NOTICE OF RIGHT TO PETITION FOR JUDICIAL REVIEW:**
>
> A determination of the Commission that constitutes a Final Order is subjected to judicial review, wherein the court reviews the contents of this letter and determines if there are sufficient factual findings supporting why the Commission did not issue a complaint. <u>A petition for judicial review must be filed in the proper common pleas court within **THIRTY (30) days** of the date the Commission mailed this Final Order.</u> The right to obtain judicial review and the mode and procedure thereof is set forth in Ohio Revised Code § 4112.06.

---

[1] Presumably due to clerical error, EEOC's counsel neglected to include a copy of all documents filed in state court, including the exhibits to Plaintiff's state court complaint and the OCRC's pending motion to dismiss.

2

> The judicial review process is not a means to reexamine the investigation or further pursue your allegations through the Commission. You may consult with an attorney for information on available options.
>
> A Probable Cause finding is not a Final Order and is not subject to judicial review by a court. All other determinations of the Commission constitute a Final Order and are subject to judicial review by a court.

*Id*. (emphasis added).

Notwithstanding the clearly stated "mailed" date of September 1, 2022, Plaintiff alleges that he did not actually receive the Letters of Determination until September 8, 2022. (*Id.* at 12, PageID 47). He alleges that after receiving the Letters, he repeatedly called the OCRC office to convey his belief "that this dismissal must have been a mistake." (Doc. 3 at 20, PageID 55). He alleges that he left messages requesting a return call from "Ms. Taylor," whom Plaintiff identifies as the "office manager" of the referenced OCRC office. (Doc. 3 at 21, PageID 56).

Plaintiff alleges that Ms. Taylor did not return his call until September 29, 2022. (*Id*.). At that time, Plaintiff informed Ms. Taylor that he intended to file a petition for judicial review, whereupon she "volunteered that any petition must be filed by tomorrow" in light of the Notice of the "mailed" date that "clearly states that the petition must be filed 30 days from the date of the letter." (Doc. 3 at 22, PageID 57). Plaintiff expressed his belief that the 30-day period "should start upon receipt of the notice, not the day the notice was written," and thereafter "researched" the statute. (*Id*.) Plaintiff asserts that service "can be interpreted in many ways" but generally means receipt and "not the date that the notice is written." (*Id*. at 12, PageID 47). Plaintiff further alleges that the Notice that plainly states that the mailing date is the operative "service" date is intended "to give citizens the notion that they have a shorter period to respond," which "intentionally undermines the civil rights of the citizens of the State of Ohio." (Doc. 3 at 22, PageID 57).

3

Although Plaintiff's undisputed purpose in filing his complaint is to challenge the September 1, 2022 Letters of Determination from the ORDC, 2022, his pleading expresses uncertainty about who to name as respondents/defendants. He alleges that he inquired of Ms. Taylor "who he was to list on the petition," but that she declined to provide "legal advice." (Doc. 3 at 21-22, PageID 56-57). Therefore, his complaint "asks that the Judge clarify the parties listed on the petition" and ends with an apology "if the format or the inclusion of certain parties in this matter is not correct." (Doc. 3 at 26, PageID 61).

As stated, Plaintiff identified four Defendants, including the OCRC, the EEOC, the Teamsters and Local 100. However, the complaint includes only the most cursory of references to the EEOC. Specifically, Plaintiff alleges that he has filed numerous prior OCRC complaints that were "dual filed" with EEOC. He alleges that the specific form on which he filed the OCRC complaints at issue in this case did "not have a box to mark as duel [sic] filed." (Doc. 3 at 23, PageID 58). He further states that he anticipated a "follow-up phone call" from an OCRC investigator "to acknowledge that he was again [dual] filing with the OCRC and EEOC," (*id.*), but never received a call prior to receipt of the Letters of Determination. When he later asked Ms. Taylor if the complaints had been referred to the EEOC prior to dismissal, she allegedly responded "that is not the process." (Doc. 3 at 24, PageID 59). The complaint alleges "that is not correct." (*Id.*)

In addition to pertinent allegations concerning the purpose of the complaint (to obtain judicial review of the dismissal of two OCRC complaints), Plaintiff's state court complaint includes numerous allegations about Plaintiff's prior dealings with the Teamsters and Local 100. Having summarized the essence of the state court claims, the undersigned finds it unnecessary to summarize Plaintiff's remaining allegations.

## B. Additional Pending Motions Filed in this Court

Following removal of Plaintiff's state court complaint by Defendant EEOC to this Court, various parties filed additional motions. For example, on November 14, 2022, Defendants Teamsters and Local 100 jointly moved to dismiss this case as untimely and for lack of jurisdiction under state law. (Doc. 6). Plaintiff has filed a response in opposition to that motion, to which Defendants have filed a reply. (Docs. 8, 17)

On December 6, 2022, Plaintiff fled a "Motion to Remand for EEOC Investigation." (Doc. 9). In that motion, Plaintiff argues that the Dayton office of the OCRC "failed to conduct any investigation" prior to dismissal, (Doc. 9 at 2), and also failed "to process [Plaintiff's] complaint[s] as …du[a]l filed" with the EEOC. (*Id*. at 5, PageID 100). Plaintiff concludes by asking this Court "to refer this complaint to the EEOC for proper investigation and hold this case in abeyance until that investigation has been completed." (Doc. 9 at 10, PageID 105).

On January 3, 2023, Plaintiff filed a "Motion to Withdraw[] the Complaint against the EEOC," in which he seeks to voluntarily dismiss the EEOC as a party to this lawsuit. (Doc. 19). Plaintiff alleges that because the OCRC "never forwarded the complaint to the EEOC," the federal Defendant "was not guilty of failure of their due diligence and violating the [Plaintiff's] right to Due Process." (*Id.* at 2, PageID 149). Although the motion asks "the Court to dismiss the complaint against the EEOC," it also reiterates his request to refer his administrative complaints to the EEOC "for proper investigation." (*Id*. at 3, PageID 150). Defendant EEOC does not oppose dismissal.(Doc. 24).

In addition to the referenced motions, Plaintiff has filed an "Objection to Ms. Ford representing the Respondents," (Doc. 10), which is reasonably construed as a motion to disqualify defense counsel. Defendants have filed a response in opposition. (Doc. 18).

5

Plaintiff also has filed an "Opposition to the Motion to Move This Complaint to the Federal Court" which is reasonably construed as a motion to remand to state court. (Doc. 12).

Defendant OCRC has re-filed the motion to dismiss that it previously filed in state court but that was inadvertently omitted from the record filed in this Court upon removal. Like the Teamsters and Local 100, OCRC argues that Plaintiff's lawsuit is untimely and that jurisdiction is lacking under state law. (Doc. 21). Plaintiff has filed a response, to which the OCRC has filed a reply. (Docs. 35, 38).

Last, Defendants Teamsters and Local 100 have filed a joint motion seeking sanctions against Plaintiff under Rule 11 of the Federal Rules of Civil Procedure. (Doc. 31).

**II. Analysis**

**A. Derivative Jurisdiction Under 28 U.S.C. § 1442(a)**

Plaintiff began the above-captioned case in state court, but included in his list of named defendants the EEOC. Relying upon its status as a federal agency under 28 U.S.C. § 1442(a)(1), the EEOC promptly removed the case to this Court. The referenced statute authorizes the removal of a "civil action…. that is commenced in a State court and that is against or directed to" either a federal agency or an officer of a federal agency." *Id.*[2]

Federal courts are courts of limited jurisdiction. The removal statute conveys only the power to remove a case. "A party's power to remove a case to federal court is independent of the federal court's power to hear the case, and, once a case is properly

---

[2] Although an earlier version of the statute authorized removal only by an officer of a federal agency, the statute was amended in 1996. In *City of Cookeville, Tenn. v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 390 (6th Cir. 2007), the Sixth Circuit confirmed that under the revised version, "a federal agency defendant" also has the power of removal "without limitation," insofar as the agency itself does not need to raise a colorable federal defense to assert its power of removal.

6

removed, the federal court has the authority to decide whether it has subject matter jurisdiction over the claims." *Johnson v. Conley*, Case No. 12-18, 2012 WL 1947330, at *2 (E.D. Ky May 30, 2012) (citation omitted).

Subject matter jurisdiction over a case removed under § 1442(a)(1) is commonly described as "derivative" of the state court's jurisdiction.

> The derivative jurisdiction doctrine provides that "if the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though the federal court would have had jurisdiction if the suit had originated there." *Arizona v. Manypenny*, 451 U.S. 232, 243 n.17, 101 S.Ct. 1657, 68 L.Ed.2d 58 (1981). "Despite its improvident name, the doctrine is best understood as a procedural bar to the exercise of federal judicial power rather than an essential ingredient to federal subject matter jurisdiction." *Fed. Home Loan Mortg. Corp. v. Gilbert*, 656 F. App'x 45, 53 (6th Cir. 2016) (Sutton, J., concurring) (internal quotation marks omitted). The doctrine applies to actions removed under 28 U.S.C. § 1442. *See* 28 U.S.C. § 1441(f); *Fed. Home Loan Mortg. Corp.*, 656 F. App'x at 52 (Sutton, J., concurring).

*Howard v. Soc. Sec. Admin.*, Case Bi, 5:22-cv-829, 2022 WL 17418151, at *3 (N.D.Ohio, Sept. 21, 2022) (footnote omitted).

As discussed, Plaintiff's complaint contains few references to the EEOC, primarily alleging that Defendant OCRC failed to dual file and/or share his administrative complaints with the EEOC prior to dismissal. Separate and apart from the questionable level of factual detail as to what the EEOC did or failed to do,[3] the fact that the EEOC is a federal agency is at the heart of the jurisdictional issue. "A state court lacks jurisdiction over a claim against a federal agency unless Congress waives sovereign immunity." *Pickett v. Off. of Disability Adjudication & Rev.*, No. 3:08 CV 2553, 2009 WL 1661954, at *4 (N.D. Ohio June 15, 2009) (citing *Zhen-Hua Gao v. Jenifer*, 185 F.3d 548, 554 (6th Cir.

---

[3] The scant allegations raise a separate question as to whether the complaint states any claim. And Plaintiff's motion to voluntarily dismiss the EEOC confirms that he does not seek to hold the EEOC liable for any wrongdoing. However, subject matter jurisdiction is reviewed at the time the complaint is filed.

7

1999)). In the case presented, the EEOC has not identified any waiver of its sovereign immunity; therefore, the Hamilton Court of Common Pleas lacked jurisdiction. Because the state court lacked jurisdiction over the EEOC at the time the case was filed, this Court could not acquire the power to exercise jurisdiction over the EEOC through § 1442(a). *Accord Schuler v. Adams*, Case No. 1:21-cv-827, 2022 WL 19005161, at *3 (W.D. Mich. April 29, 2022); *see also Robinson v. United States Department of HHS*, Case No. 21-1644, 2021 WL 4798100, at *4 (D.D.C., Oct. 14, 2021) (holding that the state court lacked jurisdiction to resolve pro se plaintiff's claims against HHS for the alleged failure to investigate and timely resolve his EEO complaint, and that the doctrine of derivative jurisdiction compelled dismissal); *Johnson*, 2012 WL 1947330, at *2 (holding removal by HUD was not equivalent to consent to be sued or a waiver of sovereign immunity).

### B. Jurisdiction is Lacking Under State Law

Having determined that this Court lacks the derivative power to exercise subject matter jurisdiction over Plaintiff's claim(s) against the EEOC despite removal under §1442(a), the undersigned must determine next whether to dismiss the case entirely or to grant Plaintiff's motion to remand this case to state court.

> Once the federal party has been "dismissed from [a] case which has been removed under [the] rule permitting removal of suits brought against officers or agencies of [the] United States, a federal district court has the power either to adjudicate remaining state claims or remand to state court."

*Johnson*, 2012 WL 1947330, at *4-5 (quoting *Estate of Guzik ex rel. Guzik v. Mahmud,* No. 09-CV-0657, 2009 WL 1844317, at *1 (W.D. Pa. June 26, 2009)). On the record presented, judicial economy favors dismissal, rather than remand to the Hamilton County Court of Common Pleas.

8

When an action based on state law and filed in state court is removed to federal court because a defendant is a federal agency, state law remains applicable to the federal case. *Bennett v. MIS Corp.*, 607 F.3d 1076, 1091, n.13 (6th Cir. 2010) (citing *Arizona v. Manypenny*, 451 U.S. 232, 239 (1981)). Plaintiff filed suit under Ohio R.C. § 4112.06 to challenge the decision to close and dismiss two administrative complaints that Plaintiff filed with the OCRC.  The Letters of Determination are final orders of the Commission. Ohio R.C. § 4112.06(A), Ohio Admin. Code § 4112-3-03(F). Under state law, a petition for judicial review of a final OCRC decision must be filed in state court "within thirty days from the service of the order of the commission." O.R.C. § 4112.06(H). Defendants OCRC, the Teamsters and Local 100 persuasively argue that the state court lacked jurisdiction because Plaintiff did not file the complaint within thirty (30) days of the September 1, 2022 mailing date of the OCRC's Letters of Determination. This Court agrees that the state court did not acquire jurisdiction over Plaintiff's untimely complaint under state law.

Plaintiff argues that "service can be interpreted in many ways." (Doc. 3 at 12, PageID 47). However, the definition of "service" in the referenced Ohio statute has long been a matter of settled law. More than three decades ago, the Ohio Supreme Court held that under the implementing regulations for § 4112.06, "[s]ervice by mail is complete upon mailing." *Ramsdell v. Ohio Civ. Rts. Comm'n*, 56 Ohio St.3d 24, 25, 563 N.E.2d 285, 287 (1990) (quoting Ohio Adm. Code § 4112-1-09).  The final orders indicate on their face that they were mailed on September 1, 2022, and contain unambiguous language that any petition for judicial review must be filed within "**THIRTY (30) days** of the date the Commission mailed this Final Order." (emphasis original). Because the expiration of the thirty-day period fell on a Saturday (October 1, 2022), Plaintiff had until the next business

9

day, Monday, October 3, 2022, in which to file his petition in the Hamilton County Court of Common Pleas.[4] However, he did not file his state court complaint until five days later, on October 8, 2022.

There is no right to appeal a tribunal's decision except as provided by statute. *See*, *generally Dinner Bell Meats, Inc. v. Cuyahoga County Bd. of Revision*, 70 Ohio St.2d 103, 435 N.E.2d 412 (1982). In *Ramsdell*, the Ohio Supreme Court held that the 30-day limit is "mandatory" and that "compliance with the filing requirement is necessary to invoke the jurisdiction of the court of common pleas." *Ramsdell*, 56 Ohio St. 3d at 24, 563 N.E.2d at 289. Thus, Plaintiff's failure to appeal the OCRC orders within the mandatory 30-day time period means that the Hamilton County Court of Common Pleas never had jurisdiction over Plaintiff's appeal. *Accord McCruter v. Board of Rev., Bureau of Emp. Servs*., 64 Ohio St. 2d 277, 279, 415 N.E.2d 259, 261 (1980) (holding dismissal for lack of jurisdiction was required where appeal was filed outside of statutory limitation period). Because Plaintiff's original lawsuit is time-barred under state law and the state court lacked subject matter jurisdiction at the outset, judicial economy strongly favors dismissal of this lawsuit in its entirety rather than remand.

### C. Disposition of Remaining Motions

For the reasons explained, the undersigned recommends dismissal of the EEOC, the grant of the Defendants' motions to dismiss, and the denial of Plaintiff's construed

---

[4]Plaintiff's complaint alleges that in a telephone conversation on September 29, 2022, an OCRC employee also verbally informed him that his 30-day deadline for filing for judicial review ran from the "mailed on" date marked on the Letters of Determination. Although Plaintiff alleges that he expressed his disagreement at that time, such personal disagreement with the law does not alter the calculation of the 30-day period. The Ohio courts have held that even a formal request for reconsideration of an OCRC final order does not toll or extend the 30-day period for appeal. See *Dargo v Ohio Civil Rts. Comm*., 1987 WL 27543, No. 53119 (8th Dist. Ct. App., Cuyahoga, 12-10-87); *Russell v Cincinnati Bell, Inc*., 1985 WL 895, No. C-840668 (1st Dist. Ct. App., Hamilton, 7-31-85).

10

motion to remand to state court. The disposition of this case in the manner that is recommended moots all remaining motions but for the motion of Teamsters and Local 100 for Rule 11 sanctions. Defendants seek the payment of their attorney's fees as a monetary sanction under Rule 11, Fed. R. Civ. P., based upon the argument that Plaintiff should have known that his entire complaint was untimely and therefore legally frivolous.

As explained by the court in *Kim v. City of Ionia*, Case No. 1:20-CV-843, 2021 WL 5053967, at *12 (W.D. Mich. Jan. 8, 2021), the "central purpose of Rule 11 sanctions is deterrence, not compensation." (quoting *Williams v. Supreme Court of Kentucky*, 914 F.2d 259, at *3 (Table), 1990 WL 136118 (6th Cir. 1990)). To deter frivolous litigation, the rule requires a party

> to conduct a reasonable inquiry before presenting a pleading, written motion or other paper to the court, to confirm, among other things, that the "legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" and that the "factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."

*Kim*, 2021 WL 5053967, at *11 (quoting Rule 11(b)).

The fact that Plaintiff proceeds pro se does not immunize him from sanctions. "Pro se litigants must comply with Rule 11 and make a reasonable inquiry as to whether a complaint is well-grounded in fact and warranted by existing law." *Stevens v. Mooney*, Case No. 95-1757, 1996 WL 125048 at *1 (6th Cir. 1996). However, "Plaintiff's pro se status and the absence of legal advice are appropriate factors as special circumstances to be considered when determining if Rule 11 has been violated." *Booker v. Buckley*, 810 F.2d 199 (Table), 1986 WL 18396, at *1 (6th Cir. 1986). In the *Kim* case, the district court imposed Rule 11 sanctions against a pro se plaintiff in part because he had *repeatedly* made the same frivolous arguments in *multiple* federal cases.

11

The undersigned declines to recommend the issuance of sanctions under Rule 11(b)(2) on the facts presented here. Unlike in *Kim*, there is no evidence that Plaintiff has filed multiple untimely federal cases that raise the same legally frivolous arguments. In fact, Plaintiff did not file in federal court at all; his case was removed to this Court by Defendant EEOC only under the auspices of 28 U.S.C. § 1442 even though derivative jurisdiction is lacking. Apart from any extra liberality the court might be inclined to show to a pro se litigant, Federal Rule of Civil Procedure 11 does not apply to pleadings filed in state court.

### III. Conclusion and Recommendations

For the reasons stated, **IT IS RECOMMENDED THAT:**

1. On the Court's own motion, Plaintiff's claims against the EEOC should be **DISMISSED** based upon a lack of derivative jurisdiction over the EEOC under 28 U.S.C. § 1442(a)(1);

2. The motions to dismiss Plaintiff's claims filed by Teamsters, Local 100, and the OCRC (Docs. 6, 21) should be **GRANTED** because Plaintiff's lawsuit is untimely under state law, resulting in a lack of subject matter jurisdiction in the state court;

3. Although the Court's *sua sponte* dismissal under paragraph 1 ordinarily would be without prejudice, the fact that this lawsuit also was untimely when filed in state court warrants dismissal with prejudice;

4. Plaintiff's construed motion to remand to state court (Doc. 12) should be **DENIED** for the same reasons;

5. Plaintiff's "motion to remand" for additional EEOC investigation (Doc. 9), his construed motion to disqualify defense counsel for Teamsters and Local 100

(Doc. 10), and his motion to voluntarily dismiss the EEOC (Doc. 19), all should be **DENIED AS MOOT;**

6. The joint motion of Teamsters and Local 100 for Rule 11 sanctions (Doc. 31) also should be **DENIED**;

7. The Court should certify pursuant to 28 U.S.C. § 1915(a) that an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore should deny Plaintiff leave to appeal *in forma pauperis*.

                        *s/Stephanie K. Bowman*
                        Stephanie K. Bowman
                        United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

SAMUEL J. BUCALO,

        Plaintiff,

v.

OHIO CIVIL RIGHTS COMMISSION, et al.,

        Defendants.

Case No: 1:22-cv-642

McFarland, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).